```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA


PETRO BARABASH                                   CIVIL ACTION

v.                                               NO. 10-4160

LOVE'S TRAVEL STOPS                              SECTION "F"
& COUNTRY STORES, ET AL.
```

ORDER AND REASONS

Before the Court are two motions for summary judgment, one filed by Sherman & Son Transportation Corp. and the other filed by Zurich American Insurance Company. For the reasons that follow, Sherman & Son Transportation Corp.'s motion is DENIED, and Zurich American Insurance Company's motion is GRANTED.

Background

This personal injury litigation arises out of injuries suffered by a truck driver when the left front tire he had recently purchased for the tractor-trailer car hauler he was driving blew out, causing the tractor-trailer to swerve into the wooded median of the interstate.

At the time of the accident Petro Barabash was driving a tractor trailer car hauler owned by Sherman and Son Transportation Corp., a New York corporation. He had driven from New Jersey to Texas and was on his way back to New Jersey when the accident happened, on May 25, 2010. Barabash was driving the 2004 Freightliner tractor and pulling a trailer transporting a load of

1

automobiles.[1]  He was traveling east on Interstate 12, near its intersection with Louisiana Highway 1085 in St. Tammany Parish, Louisiana when the front left tire failed suddenly and without warning; the tire threads separated and the tractor trailer left the road and traveled into the median between the east and west bound lanes of Interstate 12.  Upon entering the median, the front of the tractor struck several trees, resulting in Barabash being partially thrown from the tractor's cab.  Barabash was taken to the emergency room at University Hospital in New Orleans, where it was determined that he had suffered severe injuries, including a detached retina, abdominal and back injuries, deep cuts and bruises, and a fractured leg that required emergency surgery and extensive hospitalization.

    The tire that failed had been purchased a couple weeks before when Barabash stopped at Love's Travel Stops & Country Stores in Katy, Texas.[2]  Barabash bought and paid for the tire, which was manufactuered by Michelin North America, Inc., with a credit card that S&S had provided him for such expenses.  Love's Travel Stops employee, Byron Hickman, mounted the tire onto the wheel and

---

[1] Barabash was hauling automobiles owned by third parties to destinations requested by S&S's customers.  Barabash received a 20% commission on the fees S&S generated by hauling these vehicles.

[2] Following the accident, the investigating state trooper apparently observed that the left front tire had a hole measuring about 8 inches by 8 inches on the surface, and the tire tread was separated and parts of the inner belts were pushed outward.

performed other services associated with replacing the tire.

S&S had an insurance policy during this time with Zurich American Insurance Company. Zurich American had issued a Truckers Liability Policy to S&S, which covered the truck operated by Barabash. Pursuant to the policy, Zurich American agrees to pay all sums an "insured" must pay as damages because of bodily injury to which the insurance applies. The policy excludes from coverage any obligation for which the insured is liable under a workers' compensation law. The policy (as amended by an endorsement) also excludes from coverage bodily injury to an "employee" of the insured arising out of employment or performing the duties related to the insured's business, whether the insured is liable as an employer or in another capacity. The final relevant exclusion (as amended by an endorsement) excludes from coverage "bodily injury" to a fellow "employee" of the "insured" arising out of the fellow employee's employment. "Employee" is defined in the policy as "includes a 'leased worker.'"

On November 1, 2010 Barabash sued Michelin North America, Inc., Love's Travel Stops and Country Stores and its employee, Byron Hickman, and S&S and its insurer, Zurich American Insurance Company in this Court, invoking this Court's diversity jurisdiction, and seeking damages for the parties' negligence as well as for products liability. (Among other claims, Barabash alleges that Love's and Hickman selected, sold, and installed an

improperly sized tire on the front driver's side; the tire failed to comply with the specifications in that it was for "trailer usage only", and it was the wrong size for the front axle of the tracter.) Parallel with this lawsuit, Barabash filed a claim against S&S in the New York State Workers' Compensation Board. In the workers comp proceedings, one of the issues in dispute was whether Barabash was an employee of S&S, or an independent contractor. The Workers Compensation Board determined that Barabash was S&S's employee. In determining that, as a matter of fact, Barabash was S&S's employee, the Board found:

> Based upon the testimony of Mr. Sherman and Mr. Barabash, I find that there was an employer/employee relationship. Mr. Sherman provided the truck, set the schedule for the drivers fo the trucks, and had the right to hire and fire the drivers. Moreover, Mr. Sherman arranged for all of the transport of the cars. He was also responsible for the maintenance of the vehicles and paid all gas and tolls. The photographs of the destroyed truck accident[] clearly show the name of Sherman & Son Transportation. As such, I find that the claimant was an employee of Sherman & Son Transportation....

Judgement was rendered in favor of Barabash against S&S, and workers compensation benefits, medical expenses, and penalties were awarded against S&S. However, S&S has appealed the Board's ruling and has yet to pay any portion of the judgment to Barabash. A decision on that appeal is pending.[3] S&S now seeks summary judgment on the ground that Barabash has elected the sole and

---

[3] Neither S&S nor Zurich pointed out to this Court that S&S appealed the finding of employment status and that the appeal remains pending.

4

exclusive remedy of Workers' Compensation against S&S under New York law and that the ruling by the Board that Barabash was S&S's employee is res judicata. Similarly, Zurich American seeks summary judgment on the ground that Barabash was S&S's employee at the time of the accident, and the truckers liability policy it issued to S&S excludes coverage for injury to an "employee" of S&S.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Invoking the doctrine of res judicata, S&S seeks summary judgment on the sole ground that the New York State Workers' Compensation Board determined that Petro Barabash was its employee. S&S contends that Barabash's tort claims are barred by statute and that, by obtaining the award from the Board, Barabash has waived any tort remedies against S&S.

Under New York law, the liability of an employer for Workers' Compensation benefits shall be exclusive and in place of any other liability to the employee or his dependents for the employee's injury. In Cunningham v. State, 60 N.Y.2d 248 (N.Y. 1983), the Court of Appeals of New York summarized the law:

> The initial question to be resolved whenever a defense of workers' compensation is presented is whether the

>claimant has a right to bring a plenary action. "If the right to sue the employer has been stripped away by [workers' compensation coverage, it is an arrogation of jurisdiction to consider a tort complaint on the merits." (O'Rourke v. Lang, 41 N.Y.2d 219, 221, 391 N.Y.S.2d 553, 359 N.E.2d 1347). Section 11 of the Workers' Compensation Law provides that the liability of an employer under that law shall be exclusive and in place of any other liability to the employee or his dependents for the injury or death of the employee. Under subdivision 6 of section 29 of the Workers' Compensation Law, the right to compensation is the exclusive remedy to an employee or his dependents against the employer when such employee is injured or killed by the negligence or wrong of another in the same employ. A decision or award of the Workers' Compensation Board is, pursuant to section 23 of the Workers' Compensation Law, final and conclusive upon the parties and the State Insurance Fund as to all questions within its jurisdiction, unless modified or reversed on appeal. These provisions operate to preclude claimants' actions.

Id. at 590.

New York law is clear, like many other states' laws, that an employee injured in the course and scope of his employment is limited to pursuit of workers compensation benefits; he may not also recover in tort against his employer. Here, S&S contends that the New York Workers Compensation Board already found, as a matter of fact, that Barabash was S&S's employee at the time of the accident and that the Board awarded benefits, thus precluding Barabash from recovering damages for negligence here. Had S&S not appealed the Board's ruling, S&S would have established that it was entitled to judgment as a matter of law that the Board's decision

was res judicata and barred by statute.[4]  As the plaintiff points out, however, S&S has appealed the Board's decision.[5]  Accordingly, even assuming S&S has carried its burden to show that Barabash's tort claim is barred here by the statute and by application of res

---

[4]The Court notes that none of the parties bother to articulate the res judicata standard.  (Zurich American comes closest by citing a New York state case that holds that once a plaintiff accepts an award of workers' compensation benefits an alternative remedy at law is foreclosed.  Bardere v. Zafir, 477 N.Y.S.2d 131 (S.Ct. N.Y. 1984), aff'd, 482 N.Y.S.2d 261 (Ct. App.N.Y. 1984); here, of course, the plaintiff has not accepted an award because S&S has not paid the award.)  Nonetheless, the elements that must be satisfied in order for res judicata principles to apply are well-settled: (1) the parties must be identical in both suits; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) there must have been a final judgment on the merits in the previous decision; and (4) the plaintiff must raise the same cause of action or claim in both suits.  In re Texas Wyoming Drilling, Inc., 647 F.3d 547, 553 (5th Cir. 2011)(citations omitted).  As New York law confirms, the Board's ruling is final and conclusive "unless modified or reversed on appeal".

[5]Barabash's complaint that S&S's request for summary relief should be denied because S&S failed to advise the Court that it had appealed the Board's determination appears to be an attempt to invoke judicial estoppel principles: he argues that the actions of S&S "are an affront to the integrity of this Honorable Court."  Indeed, this Court admonishes counsel for the defendant that it must at all times act as an officer of the Court and disclose material information, even if it might undermine its client's position -- here, the fact that S&S has appealed the very determination it seeks to invoke here to bar the plaintiff's recovery.  Interestingly, however, the Court notes that the requirements for invoking judicial estoppel might have been satisfied as against the plaintiff had he argued that he was not S&S's employee here, as there would appear to be (1) clearly inconsistent positions between the position here and the one taken before the workers compensation board; (2) the court's (here, the board's) acceptance of the previous position; and (3) absence of inadvertence.  See In re Texas Wyoming Drilling, Inc., 647 F.3d 547, 552 (5th Cir. 2011)(citation omitted).

judicata, Barabash submits evidence showing that S&S has appealed the Board's determination.  Accordingly, an issue of fact as to whether the workers compensation award is "final" precludes summary judgment in favor of S&S.[6]

III.

Zurich American seeks summary relief on the ground that the truckers liability policy excludes from coverage Barabash's claims.

The law applicable to interpreting insurance contracts is substantially similar in Louisiana and New York.[7]  Under both state's laws, insurance policies must be construed to give effect to the intent of the parties.  La. Civ. Code art. 2045; Village of Sylvan Beach v. Travelers Ind. Co., 55 F.3d 114, 115 (2d Cir. 1995).  And, if the provisions are clear and unambiguous, courts must enforce them as written.  La. Civ. Code art. 2046; Hebert v. Webre, 982 So.2d 770, 773-74 (La. 2008); Maurice Goldman & Sons, Inc. v. Hanover Ins. Co., 80 N.Y.2d 986 (1992).  Finally, the burden is on the person claiming coverage to show the existence of

---

[6] The Court notes that, unlike Zurich American, S&S relies solely on the Board's finding and award (which it is presently appealing) in its effort to bar Barabash's claim against it here; it does not seek a finding from this Court as to whether Barabash was, in fact, its employee.

[7] Neither side invites the Court to determine, based on choice of law principles, whether New York or Louisiana law applies to this insurance contract interpretation dispute.  Zurich American simply points out that New York law may apply because the relevant policy was issued to S&S at its office in New York.


...


coverage, whereas the burden is on the insurer to establish the applicability of an exclusion from coverage.  <u>Tunstall v. Stierwald</u>, 809 So.2d 916 (La. 2002); <u>Maurice Goldman</u>, 80 N.Y.2d at 987-88.

Zurich American contends that the employee exclusions contained in the policy it issued to S&S apply to preclude coverage for Barabash's claims here.  Zurich American points out that the policy it issued is a public-liability policy designed for use by motor carriers in the interstate trucking industry to comply with federal insurance requirements under the Motor Carrier Safety Act of 1984, 49 U.S.C. § 13906; 49 C.F.R. § 387.1, et seq.

Zurich American contends that Barabash is a statutory employee of S&S under § 390.5 of the Department of Transportation regulations, regardless of whether he is considered an employee or an independent contractor at common law or under Louisiana law. The Court agrees.

The Motor Carrier Safety Act and its related regulations govern the meaning of terms under insurance policies designed to comply with federal requirements for motor carriers.  <u>Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.</u>, 307 F.3d 362, 366 (5th Cir. 2002).  49 C.F.R. § 390.5, defines "employee" as:

> Any individual, other than an employer, who is employed by an employer and who is in the course of his or her employment directly affects commercial motor vehicle safety.  Such terms include a driver of a commercial vehicle (including an independent contractor while in the

course of operating a commercial motor vehicle)....[8] Invoking this definition of "employee", Zurich American contends that: (1) the Fifth Circuit consistently holds that the definition of "employee" under liability policies for truckers subject to the Motor Carriers Safety Act includes direct employees and independent contractors while in the course of operating a motor vehicle;[9] and (2) this definition of employee is the same as the definition in the Zurich American policy. Under the circumstances, Zurich American urges that Barabash is, at a minimum, a statutory employee of S&S for the purposes of application of the "employee" exclusion to the claims against S&S and Zurich and that, therefore, Zurich American is entitled to judgment as a matter of law dismissing the claims against it based on the "employee" exclusion. Applying the expansive definition of "employee" contained in 49 C.F.R. § 390.5, the Court agrees.

---

[8] "Employer" is defined as:

> [A]ny person engaged in business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it....

49 C.F.R. § 390.5.

[9] Zurich American invokes <u>Ooida Risk Retention Group, Inc. v. Williams</u>, 579 F.3d 469 (5th Cir. 2009) and <u>Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.</u>, 307 F.3d 362 (5th Cir. 2002)(holding that the district court properly relied on definition of employee contained in Department of Transportation regulations in determining that injured truck driver was employee of insured).

Zurich American covers accidents and losses occurring in the coverage territory, defined as the United States, its territories and possessions, and Canada.  Zurich American draws attention to convincing facts that are not disputed:  S&S owned the freightliner driven by Barabash; the freightliner bore placards of Sherman & Son Transportation Corp., which operated under U.S. Department of Transportation #1898479 and MCI #683180, that S&S paid pro-rated registration fees on the freightliner operated by Barabash in multiple states including Louisiana; S&S maintained a driver's log for trips; Barabash was the only driver of the freightliner; and Barabash made multiple trips each month across the northeast and southeast using the interstates to travel from New York to Texas and back home again, including when Barabash drove from New Jersey to Texas and was on his way back to New Jersey when the accident happened on I-12 in Slidell, Louisiana.

Zurich American has shown that Barabash, at a minimum, is an independent contractor such that he constitutes an "employee" within the Motor Carrier Safety Act and the applicable Department of Transportation regulations. See Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc., 307 F.3d 362, 365 (5th Cir. 2002)(holding that injured truck driver was an "employee" of insured excluded under the policy pursuant to the definition of employee contained in the Department of Transportation regulations).  Indeed, the Fifth Circuit has observed that § 390.5

"eliminates the traditional common law distinction between employees and independent contractors for [certain] drivers." Id. And Barabash fails to show that a disputed issue of fact precludes summary judgment as to his status as a "employee" under § 390.5. Accordingly, because the record is clear that Barabash was an "employee" driving the freightliner covered by the policy, Zurich American has carried its burden to show that the policy's employee exclusion applies to preclude coverage for Barabash's bodily injuries.[10]

Accordingly, S&S's motion for summary judgment is DENIED,[11] and Zurich American's motion is GRANTED. This case is administratively closed pending resolution of the New York proceedings.

New Orleans, Louisiana, September 20, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[10] The Court need not reach Zurich American's alternative arguments.

[11] The Court notes that the parties are to advise by timely motion to the Court whenever the workers compensation proceedings are final; Barabash will of course be barred from recovery in tort here against S&S if the Board's finding of fact as to Barabash's employment is ultimately affirmed.

13